**UNITED STATES of America ex rel. Roosevelt H. GREEN**

v.

**Alfred T. RUNDLE.**

Misc. No. 4058.

United States District Court
E. D. Pennsylvania.

Oct. 20, 1969.

**524**

Thomas Gibson, Philadelphia, Pa., for plaintiff.

Arlen Specter, Dist. Atty., Philadelphia, Pa., by Paul R. Michel, Asst. Dist. Atty., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Relator, Roosevelt H. Green, is currently serving a three to twenty year jail sentence in the State Correctional Institution at Graterford, Pennsylvania. He was convicted of aggravated robbery and of conspiracy on July 26, 1966, in a trial before the Honorable James T. McDermott sitting without a jury. Common-wealth v. Christine Griggs and Roosevelt Green, Philadelphia Quarter Sessions Court, June Term, 1966, Nos. 1232 and 1233. Judge McDermott suspended sentence with respect to Green on the conspiracy charge and originally imposed a sentence of four to twenty years upon him on the aggravated robbery charge. On request by relator's counsel for reconsideration, Judge McDermott later reduced the sentence on the aggravated robbery charge to a term of three to twenty years (August 5, 1966). Relator took no direct appeal. Relator has however exhausted his state court remedies through proceedings under the Pennsylvania Post-Conviction Hearing Act.

Relator filed a Federal Habeas Corpus petition with this Court, maintaining that his trial counsel was ineffective due to insufficient time for preparation and consultation, that his trial counsel's representation of a codefendant (Christine Griggs) created a conflict of interest, and that he was denied his right to appeal, all in violation of his rights under the fifth, sixth, and fourteenth amendments to the United States Constitution. Relator subsequently dropped his claim with respect to the denial of his right of appeal. The first two claims remain for consideration by the Court.

■ Relator claims first that he was denied effective assistance of counsel because his trial counsel had insufficient time for preparation and consultation. In particular, relator calls attention to the failure of his trial counsel to call his employer as an alibi witness. However, counsel's assistance is deemed Constitutionally effective so long as the course chosen by counsel has some reasonable basis designed to effectuate his client's interest. Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The test is *not* whether there existed more reasonable alternatives on the basis of hindsight, but whether there existed any reasonable basis for counsel's decisions. *Id.* at 604–605, 235 A.2d at 352; *accord,* United States ex rel. Bolden v. Rundle, 300 F.

Supp. 107, 111 (E.D.Pa.1969). Relator's conviction cannot be set aside on the basis of ineffective assistance of counsel unless the service of counsel was of such a caliber as to amount to a farce or mockery of justice. United States ex rel. Crosby v. Rundle, 275 F.Supp. 707, 711 (E.D.Pa.1967).

■ In the instant case, relator was interviewed by an investigator from the Voluntary Defender's Office some two weeks prior to trial (N.T. this Court, p. 31). In addition, another investigator from the Voluntary Defender's Office, Mr. Arthur, interviewed relator's wife and contacted his employer, Mr. Foust (N.T. this Court, p. 109). In his report Mr. Arthur indicated that relator's employer told him that he had no way of checking whether or not relator had worked on the day of the robbery because his books and records were in the possession of Internal Revenue Service, and that he (Arthur) did not really believe Foust (N.T. this Court, 42–43).

On the day prior to relator's trial, relator's trial counsel, Julian Brereton, Esq., of the Voluntary Defender Staff, received the Voluntary Defender file containing the results of the above interviews and investigation as well as other papers related to his client's case. Mr. Brereton then spent the evening prior to trial reviewing the file with respect to relator's case. On the morning of trial, Mr. Brereton interviewed relator in the Sheriff's Cellroom in City Hall and discussed with relator the facts of his case.

At the Habeas Corpus hearing afforded relator before this Court, relator testified that there was nothing further of which he would have wanted to inform his counsel prior to trial about his case or to say about the facts of the case or his defense, if he had been given more time for consultation (N.T. this Court, p. 19). Furthermore, relator's counsel testified that he felt fully ready to go ahead with the case at the outset of the trial (N.T. this Court, p. 44). Under all these circumstances, the Court does not believe that the assistance of relator's counsel was rendered ineffective as the result of insufficient time for preparation and consultation. Certainly it could not possibly be said that the service of counsel amounted to a farce or mockery of justice. (See above cited cases.) On the contrary, relator had the benefit of interviews and investigation by the Voluntary Defender Association and was represented by an experienced attorney who had handled some 2500–3200 cases for criminal defendants previously, including numerous ones involving alibi witnesses (N.T. this Court, p. 30). See United States ex rel. Adams v. Rundle, 294 F.Supp. 194 (E.D. Pa.1968).

■ Relator contends, however, that his counsel's failure to call his employer as an alibi witness, on the theory that relator may have been working on the day of the robbery here involved, constituted ineffective assistance of counsel. However, in light of the eyewitness identification of relator by the robbery victim, in light of the investigator's statement that he did not really believe Mr. Foust, relator's employer, and in light of relator's failure to mention or indicate to his counsel at the time of trial a desire to have this witness present, the Court cannot conclude that the decision of relator's counsel was not reasonably calculated to effectuate his client's interest. Consequently, the Court cannot conclude that this failure establishes ineffective assistance of counsel. Commonwealth ex rel. Washington v. Maroney, *supra,* and United States ex rel. Bolden v. Rundle, *supra.*

■ Relator contends next that the representation by his trial counsel of a codefendant, Christine Griggs, resulted in a conflict of interest prejudicial to relator. However, there was nothing in the testimony of Miss Griggs at trial which in any way contradicted relator's testimony or was otherwise prejudicial to his defense (N.T. trial, pp. 24–27). The only suggestion of a conflict arises from relator's intimation that a statement made by Miss Griggs to police may have

inculpated him in some way. However, the contents of whatever statement Miss Griggs did make to police regarding the events here involved were not revealed at trial, because Judge McDermott ruled any statement taken from Miss Griggs inadmissible for failure of the police to give fully the Constitutionally required warnings (N.T. trial, p. 32). Under these circumstances, this Court does not believe that relator has established any actual conflict of interest on the part of his attorney which would reflect a denial of his right to a fair trial under the fifth and fourteenth amendments or render his trial counsel ineffective under the sixth and fourteenth amendments to the United States Constitution. *See* United States ex rel. Darrah v. Brierley, 290 F. Supp. 960, 963 (E.D.Pa.1968).

For all the above stated reasons, relator's petition for a writ of Habeas Corpus must be denied.