## Commonwealth *v.* Skipper, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Thomas M. Reese,* for appellant.

*Amos Davis,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1970:

This case is a companion to *Commonwealth v. Woody,* 440 Pa. 569, 271 A. 2d 477 (1970), decided today.

The appellant was charged with aggravated assault and battery; assault and battery with intent to kill; conspiracy; prison breach; and two counts of armed robbery. After waiving grand jury action he pleaded guilty to all counts, and on September 4, 1951, he was sentenced to terms of imprisonment totalling eleven and one-half years as a minimum and twenty-seven years as a maximum. The sentence was later commuted by the Pennsylvania Parole Board to a minimum of ten years and ten days.

At the expiration of his minimum sentence appellant was released on parole on August 11, 1961. Approximately two years later he was indicted on a charge of burglary and larceny, entered a plea of guilty and was sentenced to a term of imprisonment of not less than five months nor more than twelve months in the Blair County Jail. At the expiration of his minimum sentence he was returned to the state penitentiary as a parole violator.

Again, on November 8, 1965, appellant was paroled by the Pennsylvania Parole Board. After the lapse of nearly two years, on November 1, 1967, appellant was recommitted to the state penitentiary as a parole violator for drunkenness.

Appellant filed a petition under the Post Conviction Hearing Act alleging, principally, that he was denied the effective assistance of counsel at the time of sentencing on his pleas of guilty to all counts in 1951. He admits that his court-appointed counsel was an ex-

perienced and competent practitioner in the field of criminal law. However, he contends that because counsel was appointed for him approximately fifteen to twenty minutes prior to his trial, his guilty pleas could not be said to have been made with the effective assistance of counsel.

Clearly, we are here presented with the same issue as in the companion case of *Commonwealth v. Woody,* supra. For the reasons outlined in that opinion, this Court is free to use, and now reaffirms its own standard concerning the alleged ineffective assistance of counsel in this case, as delineated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967).

Applying the *Washington* approach, our review of the stewardship of appellant's counsel here does not disclose any reason for reversing the order of the Superior Court. In appellant's evidentiary hearing, his sole basis for his claim of ineffective assistance of counsel was the shortness of time spent conferring with his attorney prior to the entry of his guilty pleas. He did not prove how this prejudiced him, and the record is silent as to counsel's effectiveness, other than the evidentiary hearing. In *Washington,* we rejected the contention that shortness of time per se constitutes ineffectiveness: " 'The mere allegation of short notice to a defendant and short conference with counsel is not alone self-sustaining . . . .' The length of counsel's conversation with his client is thus but *one* of the factors which we must evaluate in light of the nature of the charge, the issues presented, the availability of witnesses, etc., to determine whether the course chosen by counsel had any reasonable basis when compared with the alternatives available." 427 Pa. at 608-09, 235 A. 2d at 354-55, quoting with approval *Commonwealth ex rel. Dion v. Tees,* 180 Pa. Superior Ct. 82, 88, 118 A. 2d 756, 758 (1955).

We distinguished this case from the line of guilty plea cases such as *United States ex rel. Grays v. Rundle*, 428 F. 2d 1401 (3d Cir. 1970) and *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970), where the issue surrounding the alleged involuntary guilty plea concerns the presence of coercive factors other than the tardy appointment of counsel. We believe that the instant case, where the sole issue is allegedly ineffective assistance of counsel due to tardy appointment, is more analogous to our *Washington* holding.

The order of the Superior Court is affirmed.