## Commonwealth *v.* Woody, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

570

 reargument refused December 28, 1970.

Harry J. Greenstein, for appellant.

Robert N. Campolongo, Assistant District Attorney, James D. Crawford, Deputy District Attorney, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1970:

We are here presented with deciding the proper scope of review of an appellate court when confronted with an allegation of ineffective assistance of counsel due to the belated appointment of that counsel.

On March 18, 1960, having waived a jury trial, appellant was found guilty of aggravated assault and battery, rape, burglary, and assault with intent to commit sodomy. He was sentenced to concurrent terms of seven and one-half to fifteen years.

On March 4, 1965, appellant filed a petition for a writ of habeas corpus, which was dismissed on March

26, 1965. We reversed and remanded to the trial court on April 22, 1966, with directions to consider the petition for habeas corpus in light of *Commonwealth ex rel. Branam v. Myers*, 420 Pa. 77, 216 A. 2d 89 (1966), and *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 215 A. 2d 637 (1966), concerning appellant's right to counsel during appeals. See *Commonwealth ex rel. Woody v. Myers*, 421 Pa. 628, 218 A. 2d 573 (1966).

On remand, appellant was granted leave to file post-trial motions, in conjunction with a Post Conviction Hearing Act petition which alleged ineffective assistance of counsel. The motions and petition were heard together and dismissed. The Superior Court affirmed, and allocatur was granted.

The only contention of appellant that has any substance is the allegation of ineffective assistance of counsel. There have been significant recent developments in this area of the law which must be reviewed.

Appellant supported his allegation by testifying at his PCHA hearing that he did not see his court-appointed counsel until a few minutes before trial and that he was not interviewed at the prison by representatives of the Voluntary Defender's Office. The trial judge disposed of this issue by quoting from our opinion in *Commonwealth ex rel. Johnson v. Russell*, 428 Pa. 440, 239 A. 2d 399 (1968), where we said: ". . . shortness of time for counsel to prepare for trial does not of itself constitute ineffective assistance." Id. at 443, 239 A. 2d at 401 (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967)).

For a time this quoted passage was not an accurate statement of the law in Pennsylvania. In *United States ex rel. Mathis v. Rundle*, 394 F. 2d 748 (3d Cir. 1968), the Third Circuit Court of Appeals held the belated appointment of counsel to be inherently prejudicial, constituting a prima facie case of denial of effective as-

sistance of counsel. Thus, a presumption was created by the Third Circuit which shifted the burden of showing effective assistance to the Commonwealth.

Then, the United States Supreme Court handed down *Chambers v. Maroney*, 399 U.S. 42, 90 S. Ct. 1975 (1970), where writing for the majority, Mr. Justice WHITE states that: "Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel." Id. at 54. The United States Supreme Court's failure to place any emphasis on, or even mention the burden of proof question, coupled with the refusal to fashion a per se rule, seemingly vitiated the Third Circuit's *Mathis* approach to ineffective assistance of counsel cases as far as the presumption with respect to shortness of time was concerned.

. ˙ However, to alleviate any doubts, the Third Circuit recently reconsidered the *Mathis* presumption in *Moore v. United States*, 432 F. 2d 730 (3d Cir. 1970), and has decided to abandon it altogether: ". . . We believe it is preferable that the factual question whether the defendant received adequate assistance of counsel should not be enwrapped in the label of a presumption which itself floats adrift and first requires a preliminary decision on the uncertain question of what is a belated appointment without eliminating a full inquiry thereafter into the facts to determine whether the presumption has been overcome or rebutted. . . . A belated appointment of counsel would be strong evidence in a defendant's behalf, but a decision on the claim would

still require an inquiry into the ability, experience and zeal with which counsel acted, both at the trial and in preparation, to determine whether the charge was made out.

"We therefore overrule Mathis to the extent it adopted the presumption doctrine. . . ." Id. at 735 (footnote omitted). Our Court is therefore free to and does return to its own standard in the case now before us, as delineated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967).

In the *Washington* opinion, our analysis stressed an independent examination of the record by the judiciary: "Our task in cases of this nature . . . encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." 427 Pa. at 604-05, 235 A. 2d at 352-53 (footnote omitted). Accord, *Commonwealth v. Berry*, 440 Pa. 154, 269 A. 2d 921 (1970).

Two other facets of the *Washington* decision should be noted, for although their validity was questionable at one time, the overruling of *Mathis* in *Moore* has clearly re-established their viability as legal principles. First, in *Washington* we rejected the contention that shortness of time per se constitutes ineffectiveness: " 'The mere allegation of short notice to a defendant and short conference with counsel is not alone self-sustaining. . . .' The length of counsel's conversation with his client is thus but one of the factors which we must evaluate in light of the nature of the charge, the issues presented, the availability of witnesses, etc., to deter-

574

mine whether the course chosen by counsel had any reasonable basis when compared with the alternatives available." 427 Pa. at 608-09, 235 A. 2d at 354-55, quoting with approval *Commonwealth ex rel. Dion v. Tees*, 180 Pa. Superior Ct. 82, 88, 118 A. 2d 756, 758 (1955).

Second, no weight was given in *Washington* to the allocation of the burden of proof in this area. What is needed is an independent judicial review of the record. Preferably, that independent review should occur initially in the trial court. However, if no such independent review has occurred at the trial level, and if the record is complete enough to support such an examination, this Court then should undertake that task, as it did in *Washington*.

Applying the above approach to the instant case, we affirm the holding of the Superior Court. In dismissing appellant's post-trial motions and petition at the PCHA hearing, the trial court wrote an opinion in accordance with Rule 46 of the Superior Court. The trial court noted that appellant's testimony as to ineffective counsel was unconvincing. Appellant had alleged that he did not see appointed counsel until a few minutes before trial and that he never was interviewed at the prison by representatives of the Defender's Office. This testimony was contradicted by Leonard Packel, Esquire* of the Defender Association of Philadelphia who was called by the Commonwealth. He testified that the interview records of the Defender Association showed two interviews with the defendant. These interviews were dated December 2, 1959, and February 17, 1960, while the trial itself took place March 18, 1960. The information obtained from the interviews disclosed that

---

\* Mr. Packel was not Woody's trial attorney. Ronald Wertheim served as Woody's trial counsel but because he has left Philadelphia, he was not called to testify.

Woody had knowledge of the charges against him, which Woody now denies. The Defender Association also instituted an investigation on behalf of Woody. In addition, neither Woody nor his counsel requested more time to prepare for trial. Further, the record disclosed that in a five page colloquy with the court after trial, Woody failed to mention that he had had insufficient time to prepare for trial. The trial court chose to believe the testimony of the representative from the Defender's Office.

While our review of the stewardship of the appellant's attorney is not limited to the trial court's findings, we find ample support for the trial court's conclusions in this case. In his appeal, appellant argues that his right to counsel was denied because his attorney did not stress enough appellant's alibi concerning his presence in New York while the crime was being committed in Philadelphia. Examination of the trial record, however, discloses that defendant's attorney put on a vigorous defense, including several lengthy and searching cross-examinations of the Commonwealth's witnesses, numerous objections and exceptions to the prosecution's tactics, and finally the placing of defendant himself on the stand.

The substance of defendant's appeal, therefore, seems to be a disagreement over trial strategy. Appellant's attorney stressed the identification issue, while appellant wished his attorney had pressed his alibi of being in New York. As we said in the *Washington* case, reaffirmed today: "We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." 427 Pa. at 604, 235 A. 2d at 352 (emphasis in original). There is ample evidence

both in the record and the trial court's findings to convincingly indicate appellant had effective counsel during his trial.

Accordingly, the order of the Superior Court is affirmed.