Commonwealth *v.* Coleman, Appellant.

Submitted September 15, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas F. Gilson,* and *Halbert, Kanter, Hirschhorn & Gilson,* for appellant.

*James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 10, 1970:
Order affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

Appellant, Cyrano D. Coleman, alleges that he was denied effective representation of counsel at his April 18, 1968 nonjury trial in the Court of Common Pleas of Philadelphia County. Appellant was convicted of assault and battery, aggravated assault and battery, and assault with intent to kill. His original sentence of 3½ to 7 years imprisonment was reduced to 1 to 5 years following investigation and neuropsychiatric examination. This appeal is from denial of his post-conviction petition after a hearing.

At the beginning of appellant's trial, his counsel, a Public Defender, moved for a continuance, since some subpoenaed alibi witnesses had failed to appear, and he had been unable to contact other alibi witnesses. The court denied the motion for the stated reason that notice of the defense of alibi had not been filed as required by Rule 312 of the Rules of Criminal Procedure. Counsel's responses indicated that he had assumed someone else within the Defender office had filed the notice. From counsel's trial statements and hearing testimony, it appears that the Defender Association had been appointed ten days before trial, and someone other than counsel had interviewed appellant and elicited a list of possible alibi witnesses. Counsel could not recall when he himself had first met with appellant, but stated that it could not have been earlier than the day before the trial.

Appellant did not take the stand, and although one of the alibi witnesses was available, counsel did not call her. His reason, stated both at trial and at hearing, was that her testimony alone would be inadequate.

Our Supreme Court, in *Commonwealth v. Woody,* 440 Pa. 569, 271 A. 2d 477 (1970), has now reaffirmed the standard enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967), on belated appointment of counsel in relation to the effectiveness of representation. Under this standard, "the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had *any* reasonable basis." Belated appointment is "but one of the factors which we must evaluate in light of the nature of the charge, the issues presented, the availability of witnesses, etc.," in order to make this determination. *Woody,* supra, quoting *Washington,* supra (internal citations omitted).

In one of the principal federal decisions reviewed in *Woody, Moore v. United States,* 432 F. 2d 730 (1970), the Third Circuit, rejecting its previous rule that belated appointment gave rise to a rebuttable presumption of ineffective assistance,[1] specifically considered representation by a defender agency, and found that it was the total agency that must be treated as "counsel." In particular, this meant that "timeliness of the appointment must be measured by the time of . . . appointment of the institution and not by when individual staff members [such as trial counsel] are assigned to perform their specialized duties."

The Court then stated: "It may well be that the specialization in the various stages of a criminal proceeding which is made possible by the vast volume of cases which comes to the Voluntary Defender's office pro-

[1] Established in *United States ex rel. Mathis v. Rundle,* 394 F. 2d 748 (3d 1968).

motes efficiency and provides expert service in every stage of the proceeding. . . . On the other hand, in such an institutionalized system there are inherent the risks of a loss of the close confidential relationship between litigant and counsel and the subordination of an individual client's interest to the larger interest of the organization." An instance of the latter possibility evidently occurred in *Moore*: the record disclosed unexplainable failures to track down petitioner's claims and to call available eyewitnesses. The Court reversed the lower court's denial of a hearing.

In the instant case, under the circumstances at the time of trial, counsel's decision not to present the one witness available may have been a reasonable attempt to promote leniency by foregoing what counsel regarded as useless occupation of the court's time and effort. But these circumstances were created by the failure to file notice of alibi. *That* omission cannot be justified as a reasonable decision, since it effectively precluded presenting the only possible defense, which counsel wished to offer; and there was no conceivable harm that filing the notice could have done. Further, it was clearly caused by inadvertent error within the Defender Association, under the pressures of lack of time and the 'vast volume' of cases.

I find that in regard to the alibi defense the post-conviction hearing court's conclusion that appellant was effectively represented is not supported by the record. However, trial counsel's testimony revealed that he did not think appellant had a very strong defense: those witnesses that had been interviewed were not particularly encouraging. It is possible that alibi testimony was actually so unavailable or inadequate as to render waiver of this defense harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18 (1967). We cannot make that determination here. The hearing

below was not directed to the question of harmless error, and there is no record of what those witnesses not interviewed might have added.

I would remand for a further evidentiary hearing, with permission for counsel to interview the remaining witnesses prior to that hearing.