**UNITED STATES of America ex rel. Bernard REMBERT H-5529, Appellant,**

v.

**Alfred T. RUNDLE, Sup't, State Correctional Institution, Graterford.**

No. 18964.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Nov. 30, 1970.

Decided March 9, 1971.

Bernard Rembert, pro se.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa. (Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief) for appellee.

Before KALODNER, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The relator, Rembert, is now serving a six to twenty year sentence imposed by a Pennsylvania Court on April 29, 1966, following his conviction for aggravated robbery.

On December 30, 1969, Rembert filed a petition for a writ of habeas corpus in the Court below attacking two five-year consecutive sentences imposed by a Pennsylvania Court on December 6, 1955 after he pleaded guilty to two bills of indictment charging him with unlawful sales of narcotics. He served in excess of six years of these sentences and was paroled.

During his parole, he committed the robbery which led to his present prison sentence and thus he faces further imprisonment for parole violation.

Rembert alleged in his petition that his pleas of guilty in his 1955 narcotics prosecutions were "unintelligent," and that he was "not aware of his appeal rights." In a brief accompanying his petition he also alleged that he was not advised of the maximum sentence he could receive or that his pleas of guilty "would waive any available defenses he may have had," and that he was further not afforded competent representation by his then Voluntary Defender court-appointed counsel, Richard A. Sprague. On the latter score he alleges that he only met Sprague for a few minutes just before his case was called for trial, and he was then able only to "sketch out the facts as briefly as possible."

Substantially the same allegations were presented in a Post Conviction Hearing Act[1] petition which Rembert filed on November 16, 1966 in the state court. An evidentiary hearing was held on that petition at which Rembert was represented by counsel. Mr. Sprague testified that he had spoken to Rembert prior to the 1955 trial; that prior thereto he had read reports of separate interviews by two members of the legal staff of the Voluntary Defenders in the course of which Rembert detailed sales of heroin which he had made on October 5, 1955, to two police officers, one of them a woman.

Rembert testified at this evidentiary hearing that he had made the two unlawful sales of narcotics to the police officers and that he had done so only because he believed that they, too, were drug addicts. He also testified that at his pre-trial conference with Mr. Sprague he had given him a brief resume of his sales to the police officers and that Sprague had then advised him it would be best for him "to plead guilty and throw myself on the mercy of the court." Rembert also then testified that Mr. Sprague had not explained the consequences of the guilty plea or the nature of the sentence which he could receive and that he had not advised him that a guilty plea would constitute a waiver of possible defenses. He admitted, however, that he then knew that his plea of guilty would result in a waiver of his right to a jury trial.

On August 4, 1967 the hearing judge entered an Order denying Post Conviction relief. In an accompanying opinion he found that Rembert's pleas were not unlawfully induced; that he had been informed of the effects of his guilty pleas and that counsel had advised him competently. The court's Order was affirmed in Commonwealth v. Rembert, 213 Pa.Super. 759, 246 A.2d 916 (1968) and the Supreme Court of Pennsylvania denied allocatur.

The District Court upon a review of the transcript of the Post Conviction Hearing, the opinion of the hearing

1. 19 P.S. Sec. 1180–1 et seq.

judge and the transcript of the sentencing hearing found that Rembert's habeas corpus petition was without merit.

We agree with the District Court's disposition. Our independent examination of the transcript of the evidentiary hearing and of the sentencing hearing discloses that Rembert's challenge here to the District Court's denial of the habeas corpus petition is nothing less than specious. We note particularly that at the sentencing hearing the two police officers to whom the narcotics sales were made testified and that their testimony clearly established that unlawful narcotic sales were made to them without any element of entrapment. The transcript of the sentencing proceeding fully establishes that Rembert's counsel's performance was at the level of normal competency. Moore v. United States, 432 F.2d 730 (3 Cir. 1970). See, too, Commonwealth v. Woody, 440 Pa. 569, 271 A.2d 477 (1970).

For the reasons stated the Order of the District Court will be affirmed.