Commonwealth *v.* Allen, Appellant.

Argued March 17, 1971.   Before BELL, C. J., EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*Stephen Israel,* with him *Fine, Perlow, Stone & Cohen,* for appellant.

*Robert L. Campbell,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney,

and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 22, 1971:
Appellant George Allen was indicted for murder and voluntary manslaughter as a result of a stabbing death in Pittsburgh. On April 22, 1970, the jury found the appellant guilty of murder in the second degree. Timely motions for a new trial were filed, and after argument before the Court en banc, these motions were denied. Appellant was sentenced to from four to twelve years in prison and from the judgment of sentence, this appeal was taken. In all the aforesaid proceedings, appellant was represented by counsel.

The factual background which led to the stabbing is conflicting and somewhat confusing. Joseph A. Parker testified for the Commonwealth and, as might be expected, his version of the killing was decidedly different from the versions of appellant and Miss Grayson. Parker testified that he had been drinking on and off with Wilson (the deceased victim) all afternoon and into the night of January 6, 1970. At approximately 9:30 P.M., Wilson offered Parker a ride home and they left the Senate Cafe. As they walked toward the corner of Pride Street and Our Way, Parker noticed a car parked on Our Way with a girl in the back seat. When Wilson was three or four feet from the car, the appellant appeared and accused him of stealing his car. *Parker saw the appellant stab the deceased,* but he could not see whether the deceased swung at the appellant. Appellant then turned to Parker and said something, and Parker ran down the street with appellant in pursuit.

According to the testimony given by appellant, he took Miss Gladys Grayson to the Senate Cafe for a few drinks at approximately 6:30 P.M. on January 6,

1970. When they left the Senate Cafe at approximately 9:30 P.M., appellant's car was missing from its parking place. Appellant and Miss Grayson began walking towards the police station to report the theft. While on the way, Miss Grayson spotted the car as it traveled down a street called Our Way and parked on Pride Street. The driver got out of the car and began walking in the direction of the Senate Cafe. Appellant sent Miss Grayson to find a police officer while he proceeded to the car to await the return of the driver and place him under arrest. Appellant secured a dagger from the glove compartment of his car and crouched behind the car. When Wilson returned to the car, appellant confronted him and told him he was placing him under arrest for stealing his car. Wilson resisted and swung at appellant, *and appellant stabbed him*. Appellant then chased Parker, who had accompanied Wilson from the bar down the street, but Parker escaped. When appellant returned to the car, Wilson was not around. After looking unsuccessfully for Wilson, appellant stopped Lt. O'Brien to report the stabbing. Later, when appellant was escorting Miss Grayson home, they discovered Wilson's dead body on Stevenson Street and flagged down a canine unit to report this.

Miss Grayson's version of the events was quite similar to appellant's, but she was not sure where appellant had originally parked his car, and could not substantiate appellant's version of the stabbing because she was searching for a police officer when the stabbing occurred.

In this appeal, appellant makes three contentions in support of his motion for a new trial: (1) the reference to the Black Berets, which the district attorney made in his opening and closing speeches to the jury, was made solely to inflame the jury, and prevented a fair trial; (2) the trial Court erred in not charging the

jury with respect to the defense of justifiable homicide while making an arrest; and (3) appellant did not have the effective assistance of counsel.

Appellant's attorney did not object or except to the allegedly prejudicial opening and closing remarks by the district attorney, and they are not disclosed by the record. Under such circumstances, the question may not be raised now. *Springer v. Allegheny County*, 401 Pa. 557, 165 A. 2d 383; *Commonwealth v. Howard*, 212 Pa. Superior Ct. 100, 239 A. 2d 829.

Appellant next contends that the trial Court committed reversible error because it did not charge the jury on the defense of justifiable homicide during an attempt to arrest. This position is without merit because under the evidence such an instruction was not warranted. Cf. *Commonwealth v. Chermansky*, 430 Pa. 170, 242 A. 2d 237. As we pertinently said in *Chermansky*, 430 Pa., supra (pages 173-174):

"A private person in fresh pursuit of one who has committed a felony may arrest without a warrant. Commonwealth v. Micuso, 273 Pa. 474, 117 A. 211 (1922); Commonwealth v. Long, 17 Pa. Superior Ct. 641 (1901); 2 Trickett, The Law of Crimes in Pennsylvania 683 (1908). And in Pennsylvania we have always followed the common law rule that if the felon flees and his arrest cannot be effected without killing him, the killing is justified. See Commonwealth v. Micuso, supra; 2 Trickett, supra. We hasten to note that before the use of deadly force is justified the private person must be in fresh pursuit of the felon and also must give notice of his purpose to arrest for the felony if the attending circumstances are themselves insufficient to warn the felon of the intention of the pursuing party to arrest him.

". . . We therefore hold that from this date forward the use of deadly force by a private person in order to

prevent the escape of one who has committed a felony or has joined or assisted in the commission of a felony is justified only if the felony committed is treason, murder, voluntary manslaughter, mayhem, arson, robbery, common law rape, common law burglary, kidnapping, assault with intent to murder, rape or rob, or a felony which normally causes or threatens death or great bodily harm [footnote omitted]. We also note that for the use of deadly force to be justified it remains absolutely essential, as before, that one of the enumerated felonies has been committed and that the person against whom the force is used is the one who committed it or joined or assisted in committing it. Commonwealth v. Duerr, 158 Pa. Superior Ct. 484, 45 A. 2d 235 (1946)." Therefore, even if we accept as true appellant's contention that the deceased stole his car and later swung at him, this would not justify his killing or his use of deadly force against Wilson, who at the most was guilty of larceny of an automobile and was not even attempting to escape. Even larceny of an automobile falls far short of those crimes which are specifically enumerated as justifying the use of deadly force. It is clear that appellant was not entitled to a charge on justifiable homicide. Defense counsel was undoubtedly aware of this at the time of trial, as evidenced by his failure to request the trial Court to charge on this issue and his failure to enter an exception to the charge as given.

Finally, appellant contends that he was denied the effective assistance of counsel. In accord with *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349, we have made a thorough study of the record and, having done so, we conclude that there was a reasonable basis for the conduct of appellant's trial counsel throughout this case. See also *Commonwealth v. Berry*, 440 Pa. 154, 269 A. 2d 921; *Commonwealth v.*

*Woody,* 440 Pa. 569, 271 A. 2d 477; *Commonwealth v. Skipper,* 440 Pa. 576, 271 A. 2d 476.

We have considered all of appellant's contentions and find no merit in any of them.

Judgment of sentence affirmed.

Mr. Justice JONES and Mr. Justice ROBERTS took no part in the consideration or decision of this case.