Commonwealth *v.* Owens, Appellant.

Submitted September 24, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John R. Cook* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 26, 1973:

Appellant James E. Owens claims he was denied his constitutional right to effective assistance of coun-

sel because his privately-retained attorney did not sufficiently consult with him pretrial, and because counsel failed at trial to call as witnesses two friends of appellant, who he asserts could have possibly exculpated him from one of three armed robbery convictions. We conclude that the record does not support appellant's claim; we affirm.

Appellant on June 24, 1966, was tried nonjury for a series of armed robberies and found guilty.[1] The trial court sentenced him to undergo consecutive terms of imprisonment of three to twenty years on each of three indictments. A timely motion for a new trial was filed and after argument denied. An appeal was taken to the Superior Court which in a per curiam opinionless order affirmed the judgment of sentence. *Commonwealth v. Owens*, 209 Pa. Superior Ct. 714, 224 A.2d 653 (1966). Appellant commenced the present collateral proceeding on July 11, 1969, by filing a petition pursuant to the Post Conviction Hearing Act. Act of January 25, 1966, P. L. (1965) 1580, §§1-14, 19 P.S. §§1180-1 to -14 (Supp. 1973). After an evidentiary hearing the petition was dismissed. The Superior Court without opinion affirmed per curiam. *Commonwealth*

---

[1] Appellant was found guilty of the crimes of (1) armed robbery, Act of June 24, 1939, P. L. 872, §705, as amended, Act of December 6, 1972, P. L. 1482, No. 334, §5 (replaced by 18 Pa. C.S.A. §3701 (1973)); pointing a deadly weapon, id. §716; violating the Uniform Firearms Act, id. §628 (replaced by 18 Pa. C.S.A. §§6112-18 (1973)), charged in indictment No. 27 March Term, 1966 (Court of Oyer and Terminer, Allegheny County); (2) armed robbery, pointing a deadly weapon, and violating the Uniform Firearms Act charged in indictment No. 71 March Term, 1966; (3) armed robbery charged in indictment No. 19 April Term, 1966. Appellant was found not guilty of the crimes charged in indictment No. 72 March Term, 1966 and the court imposed no sentence for the charges in indictment No. 73 March Term, 1966.

For the crimes charged in indictments Nos. 19 and 27, appellant was tried wih a co-defendant, Larry T. Parker.

*v. Owens*, 223 Pa. Superior Ct. 756, 299 A.2d 334 (1973). We limited our grant of allocatur to the question whether appellant was afforded effective assistance of counsel.

Since this Court's decision in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), we have often repeated that mere shortness of time spent in conference with a client does not per se establish ineffective assistance of counsel.[2] E.g., *Commonwealth v. Hill*, 450 Pa. 477, 481 & n.4, 301 A.2d 587, 590 & n.4 (1973); *Commonwealth v. Skipper*, 440 Pa. 576, 271 A.2d 476 (1970); *Commonwealth v. Woody*, 440 Pa. 569, 271 A.2d 477 (1970); *Commonwealth v. Berry*, 440 Pa. 154, 269 A.2d 921 (1970); *Commonwealth ex rel. Johnson v. Russell*, 428 Pa. 440, 239 A.2d 399 (1968). Consistent with our view is the United States Supreme Court's refusal "to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel . . . ." *Chambers v. Maroney*, 399 U.S. 42, 54, 90 S. Ct. 1975, 1982-83 (1970).

To find a deprivation of the constitutional right to effective assistance of counsel,[3] this Court must make

---

[2] "We thus adopt the following statement of the Superior Court contained in Commonwealth ex rel. Dion v. Tees, 180 Pa. Superior Ct. 82, 88, 118 A. 2d 756, 758 (1955) rejecting the contention that shortness of time per se constitutes ineffectiveness: 'The mere allegation of short notice to a defendant and short conference with counsel is not alone self-sustaining. . . .' The length of counsel's conversation with his client is thus but *one* of the factors which we must evaluate in light of the nature of the charge, the issues presented, the availability of witnesses, etc., to determine whether the course chosen by counsel had any reasonable basis when compared with the alternatives available. . . . Of course, as the opportunity for consultation diminishes, there is a corresponding increase in the weight which must be accorded to this factor." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 608-09, 235 A.2d 349, 354-55 (1967).

[3] U. S. Const. amend. VI; Pa. Const. art. I, §9.

an independent examination of the record. "We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Washington,* supra at 604-05, 235 A.2d at 352-53 (footnote omitted).

Initially, appellant has failed to establish that trial counsel had inadequate time to prepare his defense. While it is uncontradicted that counsel's interviews of appellant altogether amounted to no more than sixty minutes, there were at least two and perhaps four interviews conducted during a period of several months.[4] Determinatively, the time actually spent by counsel with the accused discussing his case is not necessarily related to, and affords no basis for inferring, the extent of total trial preparation.

Secondly, had appellant clearly established that he had communicated to his attorney the existence of the two witnesses and his attorney, without investigation, had failed to call them as witnesses, then such conduct, if not explained, would be a relevant circumstance in determining whether appellant was denied effective assistance of counsel. However, the record fails to

---

[4] Petitioner was arrested on February 11, 1966. At least as early as February 21, he was represented by counsel, for at that time, upon advice of counsel, he pleaded not guilty to all charges. His trial was first listed for May 16, 1966, then postponed to June 2, and actually held on June 24.

establish that appellant's attorney was made aware of the possible alibi witnesses.[5]

Trial counsel was retained and compensated by Linda Williams, a friend of appellant who was one of the possible alibi witnesses. At the PCHA hearing she could not recall relating any exculpatory story to trial counsel, although it is uncontradicted that she actually discussed the case with him.

When appellant testified at trial and was asked whether he could remember his whereabouts on any of the crucial days, he responded negatively. When given the opportunity to add anything further to his defense, appellant offered nothing.

Appellant's counsel also testified at the PCHA hearing. He could not remember having appellant as a client and certainly could not remember whether he was told an alibi defense. He did state, however, that it was his practice, in accordance with the then prevailing Pennsylvania rule, timely to notify the district attorney's office of the existence of any alibi defense. There is no record of his having done so in this case.

---

[5] The present case is distinguishable from *Commonwealth v. Smith*, 442 Pa. 265, 275 A.2d 98 (1971). There, this Court held that the failure of appellant's attorney to move for a continuance on the facts of that case, constituted ineffective assistance of counsel. The record in *Smith* clearly revealed that appellant notified his counsel of the existence of possible alibi witnesses when, on the same day his case was called for trial, he met with his assigned counsel for the first time. Smith testified at his trial in 1964 that on the day the robbery allegedly was committed, he was in New York City working for one of his putative alibi witnesses. At Smith's PCHA hearing in 1967, the supposed employer testified and corroborated the alibi. Although the PCHA judge did not believe this witness's testimony, this Court correctly decided that his disbelief was not relevant to whether the testimony would have been believed three years earlier. Not only did Smith assert his alibi at trial, but it is obvious that its content was more substantial than that of appellant's alibi.

The problematical value of appellant's alibi defense is apparent from its content. His alibi witnesses, if believed, could have exculpated him from only one armed robbery, that of Eugene Hillary.[6] Appellant claims that during the time in question it was his custom to spend Saturday evenings with his girl friend, Linda Williams, and a mutual friend, James Tate. Since the robbery of Hillary took place on Saturday night, appellant reasons, he could not have been involved. This robbery was perpetrated within approximately a fifteen minute span, so it is possible that appellant could have committed the robbery and yet spent the better part of the evening with his friends. Moreover, the victim was certain in his identification of appellant and his co-defendant as the robbers, and further testified that he had seen them walk past his store several times after the robbery and before their arrest.

Assuming appellant's counsel knew of the witnesses, failure to call possible alibi witnesses is not per se ineffective assistance of counsel. See *United States ex rel. Green v. Rundle,* 305 F. Supp. 523, 525 (E.D. Pa. 1969). Here, given the weakness of the alibi, trial counsel could reasonably have believed it would not have aided the defense. *Commonwealth v. Karchella,* 449 Pa. 270, 273-74, 296 A.2d 732, 733 (1972). Or counsel could have properly concluded in these circumstances that the possibility of the alibi being believed was more than offset by the probability that advancing it would only highlight appellant's lack of defense to the other armed robberies. *Commonwealth v. McGrogan,* 449 Pa. 584, 297 A.2d 456 (1972). Counsel's decision was "clearly a matter of trial strategy that

---

[6] This was the crime charged in indictment No. 19 April Term, 1966 (Court of Oyer and Terminer, Allegheny County). For this armed robbery appellant was tried with Larry Parker.

call[ed] for the 'ultimate choice and responsibility' of defense counsel." Id. at 589, 297 A.2d at 459. On this record there is no indication that counsel did not properly exercise his responsibility.

Order affirmed.