378 A.2d 430

**COMMONWEALTH of Pennsylvania**

v.

**Alfred NERO, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1976.

Decided Oct. 6, 1977.

18

Michael A. Seidman, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order denying appellant's petition for relief under the Post Conviction Hearing Act.[1]

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1976–77).

In April of 1967 appellant was indicted for aggravated robbery and conspiracy.[2] More than five years later on June 16, 1972, appellant entered a plea of guilty to aggravated robbery and the conspiracy charge was nolle prossed. Shortly thereafter, the Honorable Robert J. Williams, Jr. imposed a sentence of two to ten years imprisonment which he immediately suspended in favor of ten years probation. Most critically, no direct appeal was taken from this judgment of sentence.

In the following two years appellant twice appeared before Judge Williams for separate probation revocation hearings. On both occasions probation was revoked. The first time, Judge Williams relented on his initial decision to incarcerate and had appellant transferred to a drug treatment center. No appeal was taken. Following the second revocation hearing, however, on April 4, 1974, Judge Williams imposed a prison sentence of eighteen months to ten years.[3] Again, no appeal was taken.

On September 19, 1974, appellant filed a petition for relief under the Post Conviction Hearing Act. Judge Williams dismissed the petition without a hearing and that order was appealed to this court. On June 17, 1975, however, we approved a stipulation by both counsel remanding this matter for a hearing on appellant's petition. Following a hearing, Judge Doty denied the petition and this appeal followed.

Appellant contends that his guilty plea was not entered knowingly and intelligently, that his trial counsel was ineffective, and that he was not apprised of his appellate rights following the revocation of his probation.

■ Initially, we reject the contention that appellant was not apprised of his right to appeal when his probation was ultimately revoked on April 4, 1974. The record establishes that after revoking probation the court reimposed its origi-

2. The indictments arose out of the robbery of a subway cashier in Philadelphia.

3. Appellant was given credit for time served. Thus the six month difference between this sentence and the original judgment of sentence.

nal sentence of two to ten years' imprisonment. Immediately thereafter Judge Williams stated:

> "Having sentenced you, sir, you have 30 days in which to appeal from the judgment of this Court if you can't afford counsel, counsel will be appointed for you. If you don't appeal within 30 days, you will waive whatever rights you have."

Moments later, however, some confusion arose as to whether appellant was entitled to credit for time already served. To rectify this matter Judge Williams vacated the sentence he had imposed only minutes earlier and substituted a sentence of eighteen months to ten years' incarceration. Appellant would have us hold that he was denied his *Douglas*[4] rights of appeal because Judge Williams did not repeat his earlier admonition concerning the right to appeal. We would be inclined to agree with appellant if there were any substantial lapse of time between the court's first informing appellant of his appellate rights, and its subsequently amending its judgment of sentence. But where, as in the instant case, the court imposes sentence and fully advises the defendant of his appellate rights, and then, only minutes later, amends its sentence, we must conclude the defendant was aware of his right to appeal.

With respect to appellant's contention that his guilty plea was not entered knowingly and intelligently, we find that this claim has been waived.

In pertinent part, Section 3 of the Post-Conviction Hearing Act states:

"To be eligible for relief under this act, a person . . . must prove the following:

"(d) That the error resulting in his conviction has not been . . . waived."

Section 4 defines waiver as follows:

"(b) For purposes of this act, an issue is waived if:

4. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . .; and

"(2) The petitioner is unable to prove the existence of extraordinary and unusual circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

As previously noted, the original judgment of sentence placing appellant on probation was imposed on June 16, 1972, following his guilty plea. Most significantly, no direct appeal was taken from the order of probation. Furthermore, and equally important, appellant does not allege that he was denied his right to a direct appeal. See *Douglas v. California*, supra. Since the validity of appellant's plea was clearly an issue cognizable on direct appeal, *Commonwealth v. Greer*, 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. Hill*, 457 Pa. 1, 7, 319 A.2d 886 (1974), and he has made no attempt to establish any "extraordinary and unusual circumstances to justify his failure to raise the issue" this claim has been waived.[5] *Commonwealth v. Hines*, 461 Pa. 271, 336 A.2d 280 (1975); *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975).

Appellant's final contention is that his trial counsel did not afford him constitutionally effective representation. Appellant complains trial counsel was ineffective because he was not thoroughly familiar with the facts of the case and he advised a plea of guilty solely to dispose of an old case. Specifically, appellant contends his trial counsel acted ineffectively in the following instances: (1) failing to pursue a motion to suppress identification evidence which was filed in

---

5. It should be noted that simply because the original prison sentence was suspended in lieu of a ten year probationary term is of no consequence in determining whether the right to challenge the underlying conviction has been waived. "The knowing failure to appeal from an order of probation constitutes a waiver of the right to challenge the validity of the conviction upon which the probation order is based." *Commonwealth v. Gilmore*, 465 Pa. 202, 205, 348 A.2d 425, 427 (1975).

1967; (2) proceeding with the guilty plea colloquy on June 16, 1972, notwithstanding Judge Williams' willingness to postpone the case for two weeks; and (3) only conferring with appellant for a few minutes prior to entering the guilty plea.

■ Initially, the Commonwealth argues appellant's ineffectiveness claim is waived as a result of his failure to take a direct appeal. Since the law at the time of appellant's plea provided that ineffective assistance of counsel claims be pursued in post-conviction proceedings, we find this issue to be properly before us. See *Commonwealth v. Glasco*, 241 Pa.Super. 484, 362 A.2d 420 (1976).

■■ The pertinent test for resolving ineffective assistance of counsel claims was set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Footnote omitted.)

Moreover, it is axiomatic that in applying the above test the threshold question is whether the claim which counsel is charged with not pursuing had some reasonable basis. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). In other words, counsel can hardly be deemed ineffective if the issue which he failed to advance was frivolous. With these principles in mind, we consider appellant's three allegations of ineffectiveness.

■ With respect to appellant's contention that his counsel was ineffective for not following through on a motion to suppress identification, we are of the view that this motion

was devoid of merit. The guilty plea colloquy reveals that a police officer observed appellant in the act of robbing a subway cashier. Although appellant escaped immediate apprehension he was subsequently identified by the policeman who initially observed him commit the robbery. Furthermore, it must be noted that appellant does not even contend, let alone prove, that the suppression motion would have been successful. Appellant simply asserts that there must have been merit to the motion or it would not have been filed when the case first arose in 1967. Under these circumstances, we can only conclude that the motion to suppress was of no avail and, therefore, counsel was not ineffective for not pursuing the motion. See, *Commonwealth v. Hubbard*, supra; *Commonwealth v. Goosby*, 461 Pa. 229, 336 A.2d 260 (1975).

The second allegation of ineffectiveness is that counsel should have accepted the trial judge's offer to postpone the case for two weeks.[6] In essence, appellant claims ineffectiveness on the grounds that:

"Counsel's decision had no reasonable basis and had he undertaken an investigation of the case, his chances of gaining an acquittal for his client *may have been substantially increased* with the knowledge he would have gained." (Emphasis added.) (Brief for Appellant at 9.)

This is obviously nothing more than sheer speculation on appellant's part. Appellant in no way indicates what new insight or knowledge would have been gained,by a two-week delay. Once again he merely claims that a postponement may have worked to his advantage. Considering that appellant has not offered any facts to support his conjecture, and that his counsel had previously handled thousands of robbery cases and guilty pleas, we find no basis to criticize counsel's decision not to accept a two-week postponement.

The final allegation of ineffectiveness is that counsel only discussed the case with appellant for a brief time prior to engaging him in the guilty plea colloquy. It is well

---

6. It must be noted that counsel declined the two-week continuance only after having first conferred with appellant.

settled that counsel is not deemed ineffective simply because he spent only a short amount of time conferring with his client. *Commonwealth ex rel. Washington v. Maroney,* supra; *Commonwealth v. Woody,* 440 Pa. 569, 271 A.2d 477 (1970); *Commonwealth v. Skipper,* 440 Pa. 576, 271 A.2d 476 (1970); *Commonwealth v. Robinson,* 232 Pa.Super. 328, 334 A.2d 687 (1975). Given appellant's failure to establish prejudice, counsel's vast experience in matters of this nature, and the relatively simple charges and issues involved, we are convinced appellant had adequate representation.

The order of the lower court is affirmed.