397 A.2d 790

COMMONWEALTH of Pennsylvania

v.

**Harold JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Dec. 29, 1978.

Reargument Denied March 5, 1979.

Petition for Allowance Granted June 18, 1979.

Gary Kleitman, Norristown, for appellant.

Robert A. Selig, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Harold Jones, raises only one issue in this appeal. Appellant argues that the lower court erred in denying his motion for post-conviction relief, which was based on alleged ineffective assistance of counsel. Review of the briefs and record convinces us that appellant's conviction should be affirmed.

The relevant facts are as follows. Appellant was arrested on May 15, 1974 for alleged violations of the Controlled

Substance, Drug, Device and Cosmetic Act. Trial commenced on October 24, 1974, during which appellant was represented by Samuel W. Salus, II, Chief Public Defender for Montgomery County. The jury returned a verdict of guilty on two counts of the indictment, though not guilty as to a third. Judgment of sentence was affirmed by this Court on October 18, 1976; petition for allocatur was denied by the Supreme Court. On January 31, 1977, a petition under the Post Conviction Hearing Act was filed.* In this petition, appellant claimed that his trial counsel was ineffective in not calling a witness named George Paine to the stand. Appellant claims that Paine would have given testimony that would have supported appellant's trial testimony, in which he denied that he sold four packets of heroin to Trooper Charles Rodgers, who was then working as an undercover agent.

The lower court held a post-conviction hearing on April 12, 1977. At this hearing, appellant's trial counsel, Samuel Salus testified. Mr. Salus told the court that he tried to locate Mr. Paine prior to trial on two or three occasions. Mr. Salus said that he sent Mr. Deitelhauser, who worked at the Montgomery County Public Defender's Office, out to look for Mr. Paine. Mr. Deitelhauser called the Chester County Prison and was told that Mr. Paine was not there. Mr. Deitelhauser also went to another community to search for Mr. Paine. He also checked with the county detectives and was given no information regarding the whereabouts of Mr. Paine. Mr. Salus said that the last word that he heard on Mr. Paine was that a Mr. Tribble said that Paine was "on the streets of Philadelphia."

At the hearing, Mr. Salus was asked whether he felt that the presence of Mr. Paine was essential to appellant's trial. Mr. Salus said that at first he did but that after the trial opened and the Commonwealth's evidence came in, Mr.

* Because the basis for appellant's conviction was claim of ineffective assistance of trial counsel, the lower court appointed new counsel to represent appellant in this petition.

Salus thought that Paine may have been the conduit who handled the money at the sale. Mr. Salus said that the Commonwealth's evidence was clear and indicated that Paine "was an on-site, in-person witness" to a sale between appellant and Officer Rodgers.

On October 24, 1974, after the first day of trial and after the close of the Commonwealth's case, the Commonwealth offered to provide Mr. Paine to appellant as a witness. Mr. Salus said that it became apparent when this offer was made that Mr. Paine was in protective custody since Mr. Salus could not locate Mr. Paine, even with extensive effort.

Furthermore, at that time Mr. Salus was personally handling two other pending cases in which Mr. Paine was the informant. In addition, Mr. Salus, as head of the Public Defender's Office of Montgomery County, was aware of at least twenty-five pending cases in which Mr. Paine was the informant; in none of those cases was the Public Defender's Office successful in locating Mr. Paine. Based on all of this information, Mr. Salus decided not to call Mr. Paine to the stand the next day, October 25, 1974, because Mr. Salus did not know what Mr. Paine's testimony would be. As Mr. Salus said at the post-conviction hearing, it appeared that Mr. Paine had a favorable association with the Commonwealth as an informant and could be expected to maintain his reliability as a Commonwealth witness. Considering these circumstances, Mr. Salus' decision not to call Mr. Paine to the stand was justified.

■ The test used in determining whether trial counsel was effective is whether a particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests, not whether other alternatives were more reasonable when viewed in hindsight. *Commonwealth v. Sullivan,* 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Roundtree,* 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976); *Common-*

*wealth v. Fricke,* 250 Pa.Super. 370, 378 A.2d 982 (1977); *Commonwealth v. Wilks,* 250 Pa.Super. 182, 378 A.2d 887 (1977); *Commonwealth v. Nero,* 250 Pa.Super. 17, 378 A.2d 430 (1977). The question is whether the trial strategy employed by counsel was reasonable in light of the circumstances.

Under this test, it cannot be said that the failure to call a possible alibi witness is per se ineffective assistance of counsel. *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973). On the contrary, trial counsel can still be judged constitutionally effective though he chose not to call certain witnesses where there was a reasonable basis for counsel's decision based on a matter of trial strategy. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). In the instant case, the record shows that counsel made a bona fide effort to locate the witness Mr. Paine before trial. Furthermore, trial counsel was personally aware of almost thirty cases in which Mr. Paine was the Commonwealth's informant. When the Commonwealth suddenly offered after closing their case to bring Mr. Paine to court so that defense counsel could put him on the stand, counsel was reasonably suspicious of this offer and justifiably concluded that Mr. Paine would not be a favorable defense witness. Under the circumstances, trial counsel acted in a manner consistent with his client's best interests. We therefore conclude that trial counsel was not ineffective.

Accordingly, the decision of the lower court, denying appellant's post-conviction petition for a new trial, is hereby affirmed.

SPAETH, J., files a dissenting opinion in which JACOBS, President Judge, joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

154

SPAETH, Judge, dissenting:

Appellant's claim is not, as the majority says, that counsel was ineffective for not *calling* Paine, but for not *interviewing* him. Since I can find no reasonable basis for counsel's failure to interview Paine, I should hold counsel ineffective. In *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976), the Supreme Court reached the same conclusion:

> [C]ounsel decided not to interview eyewitness to the incident based only on the testimony of one witness at the preliminary hearing and the conversation with Mabie. From the above information, it is counsel's position that these witnesses were so hostile that to call them to testify would invite a conviction for murder of the first degree. However hostile these witnesses may have appeared to be, there is no basis for the decision neither to interview them nor to attempt to do so. While hostile witnesses at trial may have presented added difficulties to appellant's case, the question here is the decision not to interview them, not the decision to refrain from calling them at trial. Accordingly, there was no danger of hostile witnesses inflaming a jury during an interview to determine what each saw and their degree of potential hostility. Rather, the value of the interview is to inform counsel of the facts of the case so that he may formulate strategy. Perhaps, after questioning these witnesses, counsel may have concluded that the best strategy was not to call them due to hostility and, as a matter of strategy, that decision on counsel's part would not be subject to a claim of ineffective assistance of counsel. *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973). However, no such claim of strategy can be attached to a decision not to interview or make an attempt to interview eyewitnesses prior to trial. Therefore, no reasonable basis designed to effectuate Mabie's interest can be attributed to counsel's failure to question these witnesses or at least make a reasonable attempt to do so.

*Id.*, 467 Pa. at 474–475, 359 A.2d at 374–75.

The order of the lower court should be reversed, and appellant's petition for new trial granted.

JACOBS, President Judge, joins in this opinion.