Commonwealth *v.* Lloyd, Appellant.

Submitted March 20, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and SPAETH, JJ.

*John W. Packel* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

The issue in this case is whether the facts presented warrant a conviction for *both* assault with intent to ravish and assault with intent to rob.

On November 25, 1971, at 2:00 a.m., the complaining witness was walking along the street toward her boyfriend's apartment when appellant shouted to her, "Hey, girl, come here." She immediately began to walk away from the man. He then went after her and pulled her into his car, which was parked in a nearby lot. The woman testified that she struggled and screamed.

After forcing her into the auto, appellant said, "You will either give me your money or you will give me some pussy." At this point the woman "started screaming and fighting harder." During the struggle her glasses were knocked to the ground and her wig came off.

Appellant attempted to drive his car, with its unwilling passenger, out of the lot. The police, who had observed the turmoil from up the street, blocked appellant's vehicle and arrested him.

In examining the evidence in this case, weight must be given not only to appellant's words but to his actions as well. See *Commonwealth v. Brown*, 444 Pa. 318, 282 A. 2d 364 (1971). Appellant's statement indicated an interest in both the woman's money and her body. Although he may fortuitously have phrased his remark as an either/or proposition, we cannot permit his verbal statement to overcome in our minds the more logical inference, that he was intent on both.

Viewing the facts in the light most favorable to the Commonwealth, *Commonwealth v. Johnston*, 438 Pa. 485, 263 A. 2d 376 (1970), it is clear that the evidence in this case supports a conviction for both of the charges.

The judgment of the lower court is affirmed.

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:
I would affirm only one of the convictions.

In affirming both convictions, the majority interprets appellant's statement ("You will either give me your money or you will give me some pussy") as announcing an intent both to rob the prosecutrix and to have intercourse with her no matter what she did. However, this is only one of four possible interpretations. The statement might also be interpreted as announcing an intent to rob, with the reference to intercourse only being a threat to effect the robbery; or, conversely, as announcing an intent to have intercourse, with the demand for money being a threat to effect the intercourse; or, as indefinite, with appellant's decision on how to treat the prosecutrix being contingent upon how she responded to his statement, *i.e.*, not to rape her if she gave him money, but to rape her if she did not give him money. Thus appellant's statement by itself is insufficient to support a conviction either of assault with intent to ravish or of assault with intent to rob.

In determining appellant's intent, however, we are not limited to his statement; his conduct also must be considered. *See Commonwealth v. Brown*, 444 Pa. 318, 282 A. 2d 364 (1971), where in upholding a conviction of assault with intent to ravish, the Court stated that " '[t]he Commonwealth need not prove an actual physical attempt to commit rape. . . . There must, however, be evidence legally sufficient to support a finding by the jury that the acts and declarations of [the appellant], as testified to by [the prosecutrix], 'manifested an intention upon his part, not merely to persuade and induce her to accede to his expressed desire to have intercourse with her, but also, in the event of her refusal, to overcome her resistance.' [Citation omitted]." *Id.* at 320, 282 A. 2d at 365. *And see Commonwealth v. Prenni*, 357 Pa. 572, 55 A. 2d 532 (1947), holding that

there was sufficient evidence for conviction of a felony-murder on the basis of evidence that the defendant had stated to a friend that he intended to have sexual intercourse with the deceased, and had admitted that the deceased refused his advances and drew a knife on him, whereupon he killed her.

If one regards appellant's statement in the light of his conduct, the statement manifests an intent to ravish but not an intent to rob. Appellant's conduct in forcing the prosecutrix into his car and attempting to make off with her sufficiently shows that what he wanted was intercourse, and that he intended to have it, if necessary by force. However, appellant's conduct with respect to whether he wanted money is ambiguous. Perhaps he did, but perhaps he did not. His conduct after his statement was not a likely or logical or necessary accompaniment to a robbery. Rather than trying to make off with the prosecutrix, it would have been easier and quicker simply to grab her pocketbook, or at least to reach for it; nor would one expect a robber to seek the company of his victim; and for what it is worth, appellant's testimony was that he asked the prosecutrix for sex but not for money. It may be granted that the world is a wicked world, but in reviewing a record, as in reviewing our daily lives, we shall do better not to take the bleakest possible view.