378 A.2d 887

**COMMONWEALTH of Pennsylvania**

v.

**Cornelius WILKS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1976.

Decided Oct. 6, 1977.

184

George T. Guarnieri, Philadelphia, for appellant.

Deborah E. Glass, Assistant District Attorney, Philadelphia, with her F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant raises the following contentions for our review. (1) The evidence is insufficient to convict appellant of simple assault; [1] (2) the evidence is insufficient to convict appellant of burglary; [2] (3) the proof at trial varied from the allegations in the information; (4) conviction of burglary and simple assault is impermissible; (5) the substantive amendment of the information charging burglary was improper; (6) the court improperly permitted the amendment of the private criminal complaint to include the charges of burglary and indecent assault; (7) the private criminal complaint fails to contain a certification of probable cause; (8) the preliminary hearing was not held within 10 days of the preliminary arraignment; (9) trial counsel was ineffective for failing to raise the above issues, numbers 4–8, in post-verdict motions; (10) trial counsel was also ineffective for the following reasons: (a) failure to impeach the complainant adequately; (b) failure to present the testimony of police officers to corroborate appellant's testimony; (c) failure to introduce evidence of appellant's drugged or intoxicated condition at the time of the incident; and (11) the verdict is against the weight of the evidence and a new trial is required in the interests of justice. Although we find the evidence sufficient to convict appellant of burglary, we are required to remand the case for an evidentiary hearing on the issue of trial counsel's ineffectiveness. If, after an evidentiary hearing, the lower court finds that trial counsel was effective, then the case must be remanded for resentencing because we vacate the judgment of sentence on simple assault.

At trial, the complainant testified to the following. On March 2, 1976, at approximately 6 p. m., appellant went to the complainant's home, 5217 Chester Ave., Philadelphia. Because appellant and complainant were acquaintances, she

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 2701.

2. The Crimes Code, supra; 18 Pa.C.S. § 3502.

permitted him to enter her apartment. The complainant testified that appellant began to push her around the apartment and, therefore, she telephoned the police. The police arrived and requested that appellant leave, and he did so. Approximately one-half hour after the departure of the police, the complainant, dressed in nightclothes, was watching television when she observed the appellant on the second floor roof of her apartment building. Appellant kicked in the window and leaped into the bedroom. The complainant stated that appellant called her a bitch and said that he wanted to kill her. The complainant fled from the apartment followed closely by appellant. Appellant caught complainant in front of her apartment building where he hit her, knocked her down and tore off her clothes. At this juncture, two passers-by intervened and appellant left the scene. Appellant testified that his first encounter with the complainant occurred essentially as described.

He then stated that after leaving her apartment he proceeded to a nearby bar where he was stabbed three times by an unnamed woman. He returned to the complainant's apartment covered with blood. The police, who were standing in the door of the complainant's apartment, transported appellant to a hospital where he remained for one week.

On March 4, 1976, the complainant filed a private criminal complaint which was approved by the district attorney on the same date. The court issued a summons which required that appellant appear for arraignment on March 19, 1976. On April 13, 1976, the court conducted a preliminary hearing and appellant was held for court. At the preliminary hearing, the court permitted the Commonwealth to amend the transcript to add the crimes of indecent assault [3] and burglary. On April 23, 1976, the district attorney brought three informations charging appellant with indecent assault, simple assault, and burglary. On May 28, 1976, after a non-jury trial, the court found appellant guilty of simple assault and

3. The Crimes Code, supra; 18 Pa.C.S. § 3126.

burglary.[4]   It sentenced appellant to a term of imprisonment of time served up to 23 months on the assault charge and to a consecutive, three year term on probation of the burglary charge.   Following the denial of post-verdict motions, appellant filed the instant appeal.

■   Appellant first contends that the evidence is insufficient to convict him of simple assault.   The Crimes Code, 18 Pa.C.S. § 2701, provides, in pertinent part, the following definition of simple assault:

"(a) A person is guilty of assault if he:

"(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;   .   .   .

"(3) attempts by physical menace to put another in fear of imminent serious bodily injury."

Bodily injury is defined as follows:   "Impairment of physical condition or substantial pain."   The Crimes Code, supra; 18 Pa.C.S. § 2301.   Viewing the evidence in the light most favorable to the verdict winner, *Commonwealth v. Lloyd*, 226 Pa.Super. 445, 310 A.2d 358 (1973), we find sufficient evidence of simple assault.   The statute clearly provides that a person can be convicted of assault if he attempts to cause or causes bodily injury.   In the instant case, appellant jumped into the complainant's apartment, threatened to kill her, then chased, hit, and knocked her to the ground.   She suffered injuries to her hands and feet.   Based upon the threats and actual conduct of appellant in attempting to carry out his threat, it is obvious that appellant attempted to cause bodily injury to the complainant and, in fact, did injure her.   We find that the evidence of simple assault is sufficient.

■■   Appellant next argues that the evidence is insufficient to convict him of burglary.   The Crimes Code provides:

"(a) A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied

4.   The trial court sustained a demurrer to the charge of indecent assault.

portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. § 3502. Again, we must view the evidence in the light most favorable to the verdict winner, *Commonwealth v. Moore*, 226 Pa.Super. 32, 311 A.2d 704 (1973). We can infer appellant's intent from his conduct and statements at the time of the incident. See *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975). In the instant case, appellant leaped through the complainant's bedroom window and threatened to kill her. It is clear that the lower court could properly find that appellant intended to commit a crime at the time that he broke into complainant's apartment. Subsequently, appellant, in fact, did commit the crime of simple assault. We find the evidence sufficient to convict appellant of burglary.

Appellant next contends that the allegations in the information charging burglary differed from the proof at trial. The information alleged that appellant entered the apartment with the intent to commit rape and aggravated assault. Appellant argues that, because he was convicted only of simple assault, the conviction of burglary must fall. The Crimes Code requires that to be guilty of burglary, one must enter with the intent to commit a crime; there is no requirement that the Commonwealth specify what crime a defendant intended to commit. Given the facts of the instant case, the Commonwealth properly particularized its information to apprise appellant of the crimes it accused him of intending to commit at the time of his unlawful entry. This specificity enabled appellant to prepare his defense to the charge and he suffered no prejudice thereby. Moreover, this argument must fall because the information charged aggravated assault and appellant was convicted of simple assault, a lesser included offense.[5] Therefore, appellant had notice of the offense charge. See, *Commonwealth v. Boone*, 450 Pa. 357, 301 A.2d 699 (1973). The court, as trier of fact,

5. See, e. g., *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870 (1975).

found that appellant intended to commit a crime at the time he entered the apartment. The fact that appellant was unable to consummate the crimes of aggravated assault or rape is not relevant to a finding of guilt on the burglary charge; all that is required is intent to commit a crime at the time of entry.

Appellant next argues that he cannot be convicted of both simple assault and burglary.[6] The Crimes Code provides:

"(d) A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitute a felony of the first or second degree." 18 Pa.C.S. § 3502. Simple assault is a misdemeanor of the second degree. Because appellant intended to commit an assault at the time he entered the apartment, he cannot be convicted of both assault and burglary.[7] Therefore, we must vacate the judgment of sentence on the assault conviction and under *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972), we must remand for resentencing on the burglary charge provided that appellant's counsel is found to have been effective.

Finally, we must address appellant's allegations of ineffective assistance of trial counsel for failing to raise several claims on post-verdict motions. However, because none of these contentions was raised in post-verdict motions, none of them is properly before us. In *Commonwealth v. Carter*, 463 Pa. 310, 313–314, 344 A.2d 846, 848 (1975), our Supreme Court stated:

"Of primary importance in our disposition of this appeal is the effect of the appellee's failure to file motions in arrest of judgment or for a new trial. The making of post-verdict

---

**6.** Although this issue was not raised to the lower court, we can properly reach it because it involved the legality of appellant's sentence which is never waived. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976).

**7.** The Commonwealth agrees with this contention and has requested that we remand the case for resentencing on the burglary charge.

motions allows the trial court the first opportunity to pass upon claims of error in the proceeding before it. If that court grants the requested relief, an appeal may have been avoided; if the relief sought is denied, appellate courts will have the benefit not only of the arguments of the parties but also of the lower court's opinion on the issues raised. See Rule 56 of the Rules of the Supreme Court. Thus, post-verdict motions promote judicial economy and the orderly administration of the appellate process. It is for these reasons that, as a rule, issues not raised by way of post-verdict motions in the trial court will not be considered on appeal. *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); See *Commonwealth v. Mitchell,* 461 Pa. 555, 337 A.2d 292 (1975); *Commonwealth v. Bronaugh,* 459 Pa. 634, 331 A.2d 171 (1975).

"The question whether trial counsel for a criminal defendant has effectively represented his client constitutes a necessary exception to this rule. To expect a lawyer to argue his own ineffectiveness would be unrealistic (and often demeaning to the lawyer) and to require a criminal defendant to recognize the ineptitude of his lawyer would be unreasonable. The effectiveness of trial counsel will therefore be considered on appeal despite the fact that the issue was not advanced in the trial court, provided that it has not been waived at any time after the termination of the representation of the defendant by the lawyer whose effectiveness is questioned." (Footnotes omitted).

Appellant now alleges that his prior counsel was ineffective for failing to raise several issues in post-verdict motions. Because appellant is represented for the first time on appeal by new counsel, he has timely raised trial counsel's ineffectiveness. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

In assessing appellant's claim of ineffective assistance of counsel, we are guided by the standard enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa.

599, 604, 235 A.2d 349, 353 (1967). "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." In *Commonwealth v. Hubbard*, 472 Pa. 259 at 277, 372 A.2d 687 at 695 (1977), the Supreme Court reaffirmed this standard and interpreted it as follows: "The initial factor which must be considered in applying this reasonable basis standard is whether the claim which post-trial counsel is charged with not pursuing had some reasonable basis. In *Maroney* we noted that 'a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.' *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 605 n. 8, 235 A.2d at 353 n. 8. Because counsel does not forgo an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion. See, e. g., *Commonwealth v. Nole*, 461 Pa. 314, 336 A.2d 302 (1975); *Commonwealth v. Harrison*, 228 Pa.Super. 42, 323 A.2d 848 (1974); cf. *Commonwealth v. Goosby*, 461 Pa. 229, 336 A.2d 260 (1975)." If we find that counsel was ineffective for failing to raise an issue in post-verdict motions, the appropriate remedy is to remand for the filing of post-verdict motions *nunc pro tunc*. *Commonwealth v. Hubbard*, supra.

▮ Initially, appellant contends that when the lower court overruled appellant's demurrer to burglary, it, in effect, permitted the Commonwealth to amend the substance of the information which resulted in a variance between the indictment and proof and in surprise to appellant. Essentially, this claim is that the proof varied from the charge in

the information. We have already held that there was no fatal variance in the instant case; therefore, trial counsel is not ineffective for failing to raise this baseless claim.

Appellant next alleges that trial counsel was ineffective for failing to allege that the lower court improperly permitted the amendment of the complaint charging burglary. At the preliminary hearing, the court permitted the Commonwealth to amend the transcript to include the charges of burglary and indecent assault.

Rule 147 Pa.R.Crim.P., 19 P.S. Appendix provides that: "The issuing authority may make any proper amendment, additions, or corrections to the transcript before it is returned to court . . .." Because the lower court permitted the amendment to the transcript before it was returned to court, it complied with Rule 147. No prejudice results to appellant because he has had a full preliminary hearing on all charges and he has had notice of the charges via the amended transcript. Because this claim is frivolous, counsel was not ineffective for failing to raise it.

Appellant's final allegations of error are:[8] Counsel was ineffective for failing to allege that the private criminal complaint did not contain a certification of probable cause; for failing to object to the delay between the preliminary arraignment and the preliminary hearing; for failing to impeach complainant adequately; for failing to present a corroborating witness and for failing to introduce evidence of appellant's drugged condition. Based upon the record before us, we are unable to ascertain the basis for trial counsel's decisions in these matters or to conclude that these assertions are baseless. We therefore vacate the judgment of sentence and remand for an evidentiary hearing to determine why counsel acted as he did, and to decide whether counsel's decision had some reasonable basis designed to

---

8. Appellant also contends that the verdict is against the weight of the evidence and that in the interests of justice, a new trial is required. As outlined in our discussion of appellant's challenge to the sufficiency of the evidence, the facts of the instant case reveal that this contention is without merit.

194

effectuate his client's interests. See *Commonwealth v. Twiggs*, supra. If the lower court finds that counsel was ineffective for failure to raise properly the absence of a probable cause certification or the delay between preliminary arraignment and preliminary hearing, appellant should be permitted to file post-verdict motions *nunc pro tunc* on those issues. See *Commonwealth v. Hubbard*, supra. If the trial court finds that counsel was ineffective for failing to pursue any of the remaining issues at trial, a new trial shall be granted. See, *Commonwealth v. Twiggs*, supra. However, if after the hearing, the lower court finds that counsel was effective in all respects, then appellant must be resentenced on the burglary charge.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.